**James ROMERO, Plaintiff–Appellee,**

v.

**Guy PETERSON; Ivan Rael, in their individual capacities, Defendants–Appellants,**

**and**

**William C. Schaab; Rodey, Dickason, Sloan, Akin & Robb, P.A., Appellants.**

**Nos. 89–2261, 89–2277 and 90–2042.**

United States Court of Appeals, Tenth Circuit.

April 23, 1991.

John B. Roesler of Caldwell, Smith, Jesmer & Roesler, P.A., Santa Fe, N.M., for plaintiff-appellee.

William C. Schaab of Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, N.M., for defendants-appellants.

Before LOGAN, MOORE, and BALDOCK, Circuit Judges.

LOGAN, Circuit Judge.

Defendants Guy Peterson and Ivan Rael appeal from orders of the district court determining that they were federal, not tribal, police officers and were not entitled to absolute immunity, because they were sued in their individual capacities. Defendants' counsel appeals from the district court's imposition of Fed.R.Civ.P. 11 sanctions.[1]

Plaintiff James Romero filed the underlying action seeking damages pursuant to the Fifth Amendment and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Plaintiff alleged that Peterson, a law enforcement officer, beat plaintiff without provocation or cause, or pursuant to an arrest, on the Taos Indian Reservation. He contended that Rael,

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.

also a law enforcement officer, observed the incident without attempting to prevent or stop the beating. Plaintiff asserts that at the time of the alleged civil rights violation defendants were acting under color of federal law because they had been cross-deputized with the Bureau of Indian Affairs (BIA) and the Pueblo of Picuris and, pursuant to an arrangement between the BIA and the Pueblo of Taos, were empowered to make arrests on the Pueblo of Taos.

Defendants moved for summary judgment, alleging that (1) there is no federal jurisdiction because defendants were acting pursuant to tribal authority not under federal authority; (2) if federal jurisdiction is present, plaintiff should have filed this action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2675(a); and (3) Pueblo of Taos, which had employed defendants temporarily for the weekend, was an indispensable party which could not be joined because of tribal sovereign immunity. Both plaintiff and defendants filed motions for sanctions pursuant to Rule 11.

The district court denied summary judgment on October 18, 1989, and two days later ordered defense counsel to pay sanctions. Defendants and their counsel filed their first joint notice of appeal on October 26, 1989 (No. 89–2261). They relied upon *Eastwood v. Department of Corrections,* 846 F.2d 627 (10th Cir.1988), as authority for the appeal, arguing that the district court erroneously rejected their claim that they were entitled to absolute immunity as police officers of the Pueblo of Taos acting within the scope of their official duties and under authority of tribal law.

On October 30, 1989, plaintiff filed with the district court a motion "to compel payment of Rule 11 sanctions, to block improper interlocutory appeal, and to amend the October 18, 1989, memorandum opinion and order" to include *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), as a basis for a *Bivens* Fourth Amendment violation. I Supp.R. tab 25.

Without addressing the motion, the district court sua sponte revised and expanded upon its orders entered October 18 and 20, entering a nunc pro tunc memorandum opinion and order on November 7, 1989. The court concluded that defendants were federal agents acting under color of federal law; they did not have absolute immunity; the Pueblo of Taos was not an indispensable party; and it was not necessary to sue under the FTCA. The court further ruled that defendants' counsel was liable for Rule 11 sanctions for failure to make reasonable inquiry before filing the motion for summary judgment. Defendants and their counsel filed a second joint notice of appeal on November 9, 1989 (No. 89–2277).

On January 3, 1990, the district court finally explicitly denied plaintiff's motion of October 30, 1989. Thereafter, on February 20, 1990, defendants and their counsel filed a motion to extend the time for filing a third joint notice of appeal. After the district court granted the motion, defendants and their counsel filed their third joint notice of appeal on March 1, 1990 (No. 90–2042).

I

Plaintiff seeks to have us dismiss appeals Nos. 89–2261 and 89–2277 as premature because they were filed during the pendency of a timely Fed.R.Civ.P. 59(e) motion.[2] There are various significant arguments why these appeals might not be premature—whether the court had continuing jurisdiction to entertain plaintiff's motion after defendants had filed a notice of appeal, *see Garcia v. Burlington N. R.R. Co.,* 818 F.2d 713, 721 (10th Cir.1987) (filing of timely notice of appeal divests district court of jurisdiction except in collateral matters not involved in appeal); whether even under our liberal construction of Rule 59(e) a winning party's motion to add a citation to the district court's opinion is a motion to "alter or amend;" and whether the November 7 order must be considered a ruling on the plaintiff's post-judgment motion despite its failure to mention that motion. We do not address these issues, how-

2. The October 30, 1989, motion to amend was timely, within the ten days filing period, be-

cause October 28 was a Saturday. *See* Fed.R. Civ.P. 6(a).

ever, because we find that at least appeal No. 90–2042 is timely, and it permits our review of the entire case.

■■■ Plaintiff contends appeal No. 90–2042 is untimely because the district court abused its discretion when it granted an extension of time to file that third notice of appeal. Ordinarily, a party must file a notice of appeal within thirty days after the district court enters judgment. Fed.R. App.P. 4(a)(1). The district court may extend the filing period, however, if a party makes a showing of excusable neglect. *Id.* 4(a)(5). The term "excusable neglect" is not defined by Rule 4(a)(5), but we previously have noted that its presence "should be determined on the basis of the 'common sense meaning of the two simple words applied to the facts which are developed.' " *Gooch v. Skelly Oil Co.*, 493 F.2d 366, 369 (10th Cir.) (quoting *Buckley v. United States*, 382 F.2d 611 (10th Cir.1967), *cert. denied*, 390 U.S. 997, 88 S.Ct. 1202, 20 L.Ed.2d 97 (1968)), *cert. denied*, 419 U.S. 997, 95 S.Ct. 311, 42 L.Ed.2d 270 (1974). A district court's determination of excusable neglect will be reversed only for a clear abuse of discretion. *Id.* at 368.

The facts and circumstances of the instant case support the district court's determination of excusable neglect. Defendants' resort to three separate notices of appeal in the instant case reflects a diligent effort to pursue their appellate rights. The nonfrivolous arguments that the third notice of appeal was unnecessary which we have mentioned underscores the confusion inherent in the instant case. Confusion was created when plaintiff, the winning party, filed a motion to amend after the defendants had filed an appeal. The motion to amend did not really seek to challenge the district court's order as is required by Rule 59(e); rather, plaintiff sought simply to add another citation to support the judgment he had won. Additional confusion was created when the district court entered its order after the plaintiff's motion of October 30 had been filed and made it a nunc pro tunc order. Accordingly, we conclude the third notice of appeal, No. 90–2042, is timely, and we consider the appeal to be properly before us.

## II

Treated as an interlocutory appeal by *federal* officers from the district court's denial of absolute immunity, defendants' appeal is wholly without merit. Officers acting under color of federal law in their official capacities, but sued in their individual capacities, are not entitled to absolute immunity under the circumstances of this case. *See Kentucky v. Graham*, 473 U.S. 159, 165–67, 105 S.Ct. 3099, 3104–06, 87 L.Ed.2d 114 (1985); *Meade v. Grubbs*, 841 F.2d 1512, 1526 n. 16 (10th Cir.1988); *Eastwood v. Department of Corrections*, 846 F.2d 627, 628 (10th Cir.1988).

■■■ Defendants' real argument, both before the district court and this court, is that they were not federal actors. They contend that they were temporarily employed by the Pueblo of Taos as tribal police officers and, at the time of their allegedly wrongful actions, were not acting as federal (BIA) officers. We must decide whether their argument that they were tribal, not federal, actors at the time of the alleged tort, rejected by the district court on their summary judgment motion, falls within the category of cases which the Supreme Court has held warrant an immediate interlocutory appeal. *See, e.g., Mitchell v. Forsyth*, 472 U.S. 511, 524–30, 105 S.Ct. 2806, 2814–18, 86 L.Ed.2d 411 (1985).

We believe that all of the reasoning underlying allowing interlocutory appeals when a qualified immunity defense is rejected—including the costs of subjecting officers to the risks of trial, inhibition of discretionary action, and deterrence from entering public service—apply to the instant case. These defendants were either federal actors or tribal actors. If defendants were tribal actors they have a substantial argument that they were entitled to invoke the absolute immunity of the Indian tribe, *see, e.g., Bruette v. Knope*, 554 F.Supp. 301, 303–04 (E.D.Wis.1983), an issue they raised in the district court and again on appeal. *See Nixon v. Fitzgerald*, 457 U.S. 731, 743, 102 S.Ct. 2690, 2697–98,

73 L.Ed.2d 349 (1982) (denial of a substantial claim of absolute immunity is immediately appealable); *Mitchell*, 472 U.S. at 525–27, 105 S.Ct. at 2814–16 (same, qualified immunity claim). Thus, we hold their interlocutory appeal is within our jurisdiction and we proceed accordingly.

■■■ To state a *Bivens* action, plaintiff must allege circumstances sufficient to characterize defendants as federal actors. *Reuber v. United States*, 750 F.2d 1039, 1056–57 (D.C.Cir.1984). In denying defendants' motion for summary judgment and finding a *Bivens* claim, the district court determined defendants were federal agents because (1) their acts were made possible by a procedure set out by contract with the BIA; (2) their acts were in furtherance of a relationship mutually benefiting the BIA and the Pueblos of Taos and Picuris; (3) there is a "symbiotic relationship" between the Pueblos and the federal government for law enforcement; (4) the federal government has a trust relationship with the Pueblos; (5) defendants' acts, even if on behalf of the Pueblo of Taos, were made possible by the cross-deputization of defendants; (6) any deprivation of plaintiff's liberty occurred as the result of defendants' actions as law enforcement officers for the federal government; and (7) there is a close nexus between defendants' acts and government authority establishing that they exercised the coercive power of the government. In addition, the district court determined that defendants were special deputies with the BIA, who had authority to conduct investigations pursuant to 18 U.S.C. § 3055, and who would not have been able to engage in law enforcement activities with either Pueblo without the deputization. It also relied upon the fact that the federal government funded various aspects of Pueblo law enforcement programs.

We do not agree that the facts set out by the district court are sufficient by themselves to establish that these defendants were federal actors, as opposed to tribal actors, at the time of their allegedly wrongful actions. There is evidence in the record that defendants' regular jobs were as officers of the Pueblo of Picuris; that their work for the Pueblo of Taos was temporary, undertaken on their personal time; and that they were not normally employees of the Pueblo of Taos. The affidavits of defendants also stated that defendants were not employed by the BIA, and that they were under the supervision and control of the tribal police at the time of the alleged beating. Special officer Richard La Fountain of the BIA stated in his affidavit that defendants were permitted to accept temporary duty assignments. He further stated that on the day in question, defendants were neither employed nor acting on behalf of the BIA and all matters were handled by the Pueblo of Taos. Dennis Simmons, chief of the Taos tribal police, swore in his affidavit that defendants were under his supervision and control and not that of the BIA. Additionally, plaintiff was charged with violation of tribal law.

To support his response to the motion for summary judgment, plaintiff provided the affidavit of Paul D. Gonzales, a former tribal judge of the San Ildefonso Pueblo who was familiar with the Pueblo of Taos. He stated that Taos police are de facto BIA police due to a contract for law enforcement between the Pueblo of Taos and the BIA. He noted a public trust relationship between the Taos Pueblo and the federal government and a joint partnership between the two. Mr. Gonzales also stated that when an officer is cross-deputized he acts in a dual capacity, when he is commissioned by a borrowing tribe he acts in a dual capacity, and when he is borrowed by another reservation he is a federal officer. Along with the affidavit, plaintiff provided a copy of the law enforcement contract between the BIA and the Pueblo of Taos.

Plaintiff also points to the fact that he was a federal parolee at the time of the incident and to the subsequent revocation of his parole as further indication of federal action. Additionally, he asserts that defendants participated in the federal parole revocation proceedings. At the parole revocation hearing, defendant Peterson admitted to plaintiff's attorney that he was cross-deputized. Also at that time, he

showed plaintiff's attorney his BIA identification.

The district court accepted plaintiff's evidence as establishing that defendants were federal officers. Mr. Gonzales' affidavit, however, is filled with legal conclusions, not factual evidence of federal officer status. The contract alone does not appear to conclusively establish that defendants are federal officers. Defendants' participation in the federal parole revocation proceedings does not show federal action. Defendants could have testified and participated in the federal parole revocation proceedings without having been federal actors at the time of the beating. Defendants' cross-deputization does not necessarily extend to their temporary employment at the Pueblo of Taos.

■ Defendants are only federal actors if they act jointly with, under the direction of, or on behalf of the federal government. *Cf. Lusby v. T.G. & Y. Stores, Inc.,* 749 F.2d 1423, 1429 (10th Cir.1984) (private person becomes state actor for 42 U.S.C. § 1983 purposes only if jointly engaged with state officials in prohibited action), *cert. denied,* 474 U.S. 818, 106 S.Ct. 65, 88 L.Ed.2d 53 (1985). We hold that to be federal officers defendants must have been acting as employees or agents of the federal government, or must have been using their federal badges or other indicia of authority in furtherance of the business of another entity or person. *See id.* at 1429–30 (suggesting that off-duty police officer employed as security guard who flashed his badge, identified himself as police officer, and made shoplifting arrest as though he was a police officer probably was acting under color of state law). The facts in the record before the district court do not determine that defendants were federal actors, but they also do not determine conclusively that defendants were not so acting.

Accordingly, this action is remanded to the district court for further factfinding proceedings. On remand, the district court may consider the following relevant, but not exclusive, list of factors in deciding whether defendants are federal actors: (1) the sources of funding for their law enforcement activities; (2) the extent of federal regulation of tribal law enforcement activities; (3) the interdependence of the tribe and the BIA; (4) the responsibility for defendants' supervision; (5) whether defendants were wearing BIA uniforms, carrying BIA weapons, using a BIA vehicle, or acting pursuant to the authority of BIA badges; and (6) if the cross-deputization extended to the Pueblo of Taos. *See, e.g., id.; Greco v. Guss,* 775 F.2d 161, 168–69 (7th Cir.1985); *Askew v. Bloemker,* 548 F.2d 673, 677–78 (7th Cir.1976); *Walks on Top v. United States,* 372 F.2d 422, 425 (9th Cir.), *cert. denied,* 389 U.S. 879, 88 S.Ct. 109, 19 L.Ed.2d 170 (1967). If, on remand, the district court determines there is no proper *Bivens* action, it may dismiss the case for failure to state a claim upon which relief may be granted. *Schowengerdt v. General Dynamics Corp.,* 823 F.2d 1328, 1337 n. 14 (9th Cir.1987).

### III

Despite our decision to remand this case to the district court, we do not now address defense counsel's appeal of the Rule 11 sanctions imposed by the district court because "a sanction order against an attorney currently of record is not a final [appealable] decision ... where the underlying controversy remains unresolved." *G.J.B. & Assocs. v. Singleton,* 913 F.2d 824, 827 (10th Cir.1990). In *G.J.B. & Associates,* we entertained the interlocutory appeal, holding that our ruling that an order imposing Rule 11 sanctions is not a final, appealable order should not be applied retroactively because it is "a new principle of law in this circuit which was not clearly foreshadowed by prior decisions." *Id.* at 829. Unlike the appellants in *G.J.B. & Associates,* defense counsel in the instant case may appeal the Rule 11 sanctions as soon as the underlying controversy is resolved or they cease to be the attorneys of record in the case. Still, because this case arose when our rule was uncertain, we cannot conclude that defendants' counsel's appeal of the sanctions is frivolous or vexatious. We also reject plaintiff's request that we find defendants' appeal of the merits to be frivolous under

**1508**

Fed.R.Civ.P. 38 or unreasonably vexatious under 28 U.S.C. § 1927, because we have concluded that defendants' appeal merits a remand for further factfinding proceedings.

Plaintiff's motion to dismiss No. 90–2042 is DENIED. The determination by the United States District Court for the District of New Mexico that defendants are federal agents is VACATED. The action is REMANDED for further factual proceedings consistent with this opinion. Plaintiff's request for sanctions on appeal is DENIED. Plaintiff's motions to dismiss Nos. 89–2261 and 89–2277 are DENIED as moot.