968 F.2d 20
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gary HANNAH, Plaintiff-Appellant,
v.
CITY OF ALBUQUERQUE; Frank A. Kleinhenz; City of
Albuquerque Personnel Board, Defendants-Appellees.
 No. 91-2211.
 United States Court of Appeals, Tenth Circuit.
 June 5, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.Ap.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Gary Hannah (Hannah), appeals from an order of the district court denying his motion for extension of time to file an appeal. On March 20, 1986, Hannah filed suit in the United States District Court for the District of New Mexico, challenging his termination of employment with the City of Albuquerque on the grounds of deprivation of due process before and after the termination.
 
 
 3
 A trial to the court was held. On April 24, 1987, the district court announced that Hannah would prevail on the issue of liability. Upon further review and reflection, however, the district court on January 18, 1989, adopted findings of fact and conclusions of law and entered judgment in favor the City of Albuquerque (City).
 
 
 4
 Hannah contends that the judgment and findings of fact and conclusions of law were entered after the close of business at 4:47 P.M. on January 18, 1989. Since the calculated time period within which to file a notice of appeal commenced January 18, 1989, the due date for the notice of appeal was Friday, February 17, 1989. Hannah's notice of appeal was not filed until February 21, 1989.
 
 
 5
 Subsequently, Hannah filed a timely motion to extend or enlarge the period within which to file his notice of appeal. Attached to the motion, and not disputed by City, was an affidavit from the private courier that Hannah had employed on February 17, 1989 to file the notice of appeal. The affidavit of the private courier "aver[red] that the notice of appeal got 'entangled' with other pleadings or papers and thus was not delivered for filing until February 21, 1989." (Appellant's Appendix, Ex. G, p. 1). The district court denied Hannah's motion based upon its ruling that under the Federal Rules of Appellate Procedure, the ultimate responsibility to accomplish the filing of documents within the appropriate time period rested with the attorney, and that the responsibility could not be passed to an employee.
 
 
 6
 On appeal, Hannah contends that the district court's denial of his timely motion for an extension of time to file the original notice of appeal was an abuse of discretion. Hannah argues that the district court abused its discretion in light of the fact that thirteen months had passed between the filing of the complaint and the trial, at which time the district court found in favor of Hannah, and then another twenty-two months elapsed before the court entered the adverse judgment against him.
 
 
 7
 Federal Rules of Appellate Procedure, Rule 4(a)(5) provides that: "[t]he district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion ..." While Rule 4(a)(5) does not define excusable neglect, we have held that "its presence 'should be determined on the basis of the common sense meaning of the two simple words applied to the facts which are developed.' " Romero v. Peterson, 930 F.2d 1502, 1505 (10th Cir.1991) (citations omitted). The decision to deny an extension of time to file a notice of appeal will be reversed only for a clear abuse of discretion. Id.
 
 
 8
 In the instant case, Hannah placed the notice of appeal with a private courier for filing, and, in effect, thereafter attempted to relinquish any personal responsibility for filing the document. We agree with the district court that such an attempt fails, and that the ultimate responsibility for filing documents rests with the party.
 
 
 9
 We further agree that "[e]xcusable neglect calls for 'circumstances that are unique or extraordinary.' [citations omitted] If this includes a mere palpable mistake by experienced counsel, the requirement would be meaningless." H.L. Smith, Inc. v. Allied Chemical Corp., 564 F.Supp. 377, 378 (M.D.La.1983). In United States v. Andrews, 790 F.2d 803 (10th Cir.1986), we found excusable neglect for failure to file a timely notice of appeal where the defendant was seriously ill and heavily medicated during the time in which he was required to appeal and was denied aid of appointed counsel to pursue his appeal. While the private courier in our case may have made the actual mistake, Hannah had the ultimate responsibility for filing the notice, and thus a "clerical" mistake made by someone in Hannah's employ does not constitute excusable neglect for purposes of Rule 4(a)(5).
 
 
 10
 After careful review of the record and the arguments and legal authority set forth by Hannah, we hold that the district court did not abuse its discretion in denying the motion for an extension of time to file the notice of appeal. We affirm for substantially the reasons set forth in the district court order of August 8, 1991, a copy of which is attached hereto and by reference made a part hereof. The mandate shall issue forthwith.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3