5 F.3d 547
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James ROMERO, Plaintiff-Appellant,
v.
Guy PETERSON and Ivan Rael, in their individual capacities,
Defendants-Appellees.
 No. 93-2073.
 United States Court of Appeals, Tenth Circuit.
 Sept. 27, 1993.
 
 Before McKAY, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT[1]
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 James Romero, appearing pro se and having been granted leave to proceed in forma pauperis, appeals from a memorandum opinion and order entered by the district court dismissing his complaint for failure to state a claim upon which relief may be granted.
 
 
 3
 Romero filed the underlying action seeking damages pursuant to the Fifth Amendment and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Romero v. Peterson, 930 F.2d 1502, 1503 (10th Cir.1991) (Romero I ). Within his complaint, Romero alleged that Guy Peterson, a law enforcement officer, beat him without provocation, cause, or pursuant to an arrest, on the Taos Indian Reservation. Id. He also alleged that Ivan Rael, also a law enforcement officer, observed the incident without attempting to prevent or stop the beating. Id. at 1504. Romero asserted "that at the time of the alleged civil rights violation defendants [Peterson and Rael] were acting under color of federal law because they had been cross-deputized with the Bureau of Indian Affairs (BIA) and the Pueblo of Picuris and, pursuant to an arrangement between the BIA and the Pueblo of Taos, were empowered to make arrests on the Pueblo of Taos." Id.
 
 
 4
 Peterson and Rael moved for summary judgment alleging that: federal jurisdiction was not present since they were acting pursuant to tribal, as opposed to federal authority; if federal jurisdiction was present, Romero should have filed under the Federal Tort Claims Act (FTCA), 28 U.S.C.A. 2675(a); and the Pueblo of Taos, which had employed them for the weekend, was an indispensable party which could not be joined because of tribal sovereign immunity.
 
 
 5
 The district court denied Peterson's and Rael's motion for summary judgment. Thereafter, the court entered a nunc pro tunc order in which it "concluded that defendants were federal agents acting under color of federal law; they did not have absolute immunity; the Pueblo of Taos was not an indispensable party; and it was not necessary to sue under the FTCA." Romero I at 1504. On appeal, we held that inasmuch as "[t]he facts in the record before the district court do not determine that defendants were federal actors, but they also do not determine conclusively that defendants were not so acting," id. at 1507, the "action is remanded to the district court for further factfinding proceedings." Id.
 
 
 6
 Following our remand, the parties submitted briefs and depositions directed at whether Peterson and Rael were federal actors. Thereafter, the court entered an order finding that Peterson and Rael were not federal actors and that Romero's complaint should be dismissed for failure to state a claim upon which relief could be granted.
 
 
 7
 On appeal, Romero contends that the district court erred in ruling that tribal officers are not federal actors when acting in their official capacity as tribal police. Romero argues that Peterson and Rael "are in fact federal officers who are employed pursuant to a contract with the BIA, and who are specially commissioned Deputy Special Officers of the BIA." (Appellant's Opening Brief at 5). Romero also argues that Peterson and Rael "are officers employed by Picuris Pueblo and on special contract to the Taos Pueblo under a contract with the BIA." Id. at 7.
 
 
 8
 Peterson and Rael respond that Romero's appeal is frivolous under Fed.R.Civ.P. 38 because he does not raise any issue of error by the district court and the legal arguments in his opening brief are irrelevant. Peterson and Rael argue that under such circumstances, the appeal should be dismissed, citing, Olson v. Coleman, 997 F.2d 726 (10th Cir.1993) (affirmance of district court's dismissal is proper when record reflects no basis for reversing the district court).
 
 
 9
 In Romero I, we remanded to the district court for further factfinding proceedings:
 
 
 10
 On remand, the district court may consider the following relevant, but not exclusive, list of factors in deciding whether defendants are federal actors: (1) the sources of funding for their law enforcement activities; (2) the extent of federal regulation of tribal law enforcement activities; (3) the interdependence of the tribe and the BIA; (4) the responsibility for defendants' supervision; (5) whether defendants were wearing BIA uniforms, carrying BIA weapons, using a BIA vehicle, or acting pursuant to the authority of BIA badges; and (6) if the cross-deputization extended to the Pueblo of Taos.... If, on remand, the district court determines that there is no proper Bivens action, it may dismiss the case for failure to state a claim upon which relief may be granted.
 
 
 11
 930 F.2d at 1507.
 
 
 12
 In accordance with our remand, the district court, after reviewing the briefs and depositions submitted by the parties directed to whether Peterson and Rael were federal actors, made detailed findings of fact and conclusions of law. Within its findings of fact, the court found that: after 1986 the BIA had no law enforcement officers in the Taos area except for investigation of crimes defined by the Major Crimes Act, 18 U.S.C. 113; when the Taos Police were established in 1986, the BIA transferred ownership of firearms and other equipment to the Pueblo; in July, 1988, the Taos Pueblo borrowed Peterson and Rael from the Picuris Pueblo for its Pow-Wow Day; Peterson and Rael wore their Picuris uniforms and brought their own firearms; Peterson and Rael were deputized by the Taos Pueblo Police Chief or the Governor of Taos Pueblo and the BIA had nothing to do with their being deputized; the BIA is not involved in the day-to-day activity of the Taos Pueblo Police; the Taos Pueblo trains its police officers without regard to BIA training policies; and the BIA does not cross-deputize tribal police officers. (R., Vol. I, Tab 71 at 2).
 
 
 13
 Within its conclusions of law, the district court concluded that: Peterson and Rael were police officers employed by Picuris Pueblo temporarily assigned to special duty at Taos Pueblo; the BIA had nothing to do with the temporary assignment; Peterson and Rael were sworn officers, holding temporary commissions from the Governor of Taos Pueblo interacting under the supervision and control of the Taos Pueblo Chief of Police; Peterson and Rael were wearing Picuris Pueblo uniforms and nothing about their uniforms indicated in any way that they were under the direction and control of the BIA; and "[a]t the time of the alleged incident, the defendants were acting solely as tribal actors and are entitled to absolute immunity." (R., Vol. I, Tab 71 at 3).
 
 
 14
 Inasmuch as the district court fully complied with our remand in Romero I and the record reflects no basis for reversing its order of dismissal for failure to state a claim upon which relief may be granted, Olson v. Coleman, the order of the district court dismissing Romero's amended complaint is affirmed.
 
 
 
 [1]
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3