13 F.3d 406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Akeem Abdul MAKIN, Jeral Kelly, individually and on behalf
of those similarly situated throughout the
Colorado Department of Corrections,
Plaintiffs-Appellants,
v.
DEPARTMENT OF CORRECTIONS, Colorado; Frank O. Gunter,
Executive Director, in his official capacity and
individually, Defendants-Appellees.
 No. 93-1237.
 United States Court of Appeals, Tenth Circuit.
 Dec. 15, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 The Plaintiffs-Appellants, Akeem Abdul Makin ["Makin"] and Jeral Kelly ["Kelly"], appeal from the district court's order denying their motion for extension of time to file an appeal. On January 11, 1993, Makin and Kelly, inmates of the Colorado Department of Corrections ["CDOC"], filed a pro se civil rights complaint pursuant to 42 U.S.C.1983 alleging that the CDOC failed to provide an adequate number of Islamic Clergy to meet the religious needs of Muslim inmates.[2] On April 21, 1993, the district court dismissed the complaint because "Islamic religious practices and activities continue to be adequately accommodated pursuant to the class action settlement...." Order of April 21, 1993 at 2. Makin and Kelly filed a motion for extension of time to file a notice of appeal on May 27, 1993--36 days after the district court dismissed the complaint. The district court denied their motion, concluding that they failed to show excusable neglect or good cause for an extension of time under Fed. R.App. P. 4(a)(5). We affirm.
 
 
 3
 When a district court concludes that a party fails to show excusable neglect or good cause to warrant an extension to file an appeal, we are limited to considering whether the district abused its discretion. Romero v. Peterson, 930 F.2d 1502, 1505 (10th Cir.1991). We define an abuse of discretion as an "arbitrary, capricious, whimsical, or manifestly unreasonable judgment." U.S. v. Hernandez-Herrera, 952 F.2d 342, 343 (10th Cir.1991). An appellate court must have a "definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible bounds in the circumstances." U.S. v. Ortiz, 804 F.2d 1161, 1164 n.2 (10th Cir.1986).
 
 
 4
 We acquire jurisdiction only upon the filing of a timely notice of appeal. The time periods established by Fed. R.App. P. 4(a) for the filing of a notice of appeal are "mandatory and jurisdictional." Senjuro v. Murray, 943 F.2d 36, 37 (10th Cir.1991) (quoting Browder v. Department of Corrections, 434 U.S. 257, 264 (1978)). Pursuant to Fed. R.App. P. 4(a)(1), a notice of appeal in a civil case must be filed with the clerk of the district court within 30 days after the date of entry of the district court's order. Rule 4(a)(5), however, provides that "[t]he district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." Fed. R.App. P. 4(a)(5).
 
 
 5
 In the instant case, the district court issued its order of dismissal on April 21, 1993, but Makin and Kelly did not file their request for extension of time until May 27, 1993--six days after the expiration of the 30-day appeal deadline under Rule 4(a)(1). The appropriate standard for relief under Rule 4(a)(5) at that point is therefore "excusable neglect" rather than "good cause" because the more lenient "good cause" standard only applies to requests for extensions of time made prior to the expiration of the 30-day appeal. See Fed. R.App. P. 4(a)(5), 1979 Advisory Committee Note; Parke-Chapley Const. Co. v. Cherrington, 865 F.2d 907, 909-10 (7th Cir.1989) ("[W]hen a motion for an extension of time is filed after the expiration of the thirty-day period for appeal following judgment, the appropriate standard for extension of the filing period is "excusable neglect"); Consolidated Freightways Corp. of Del. v. Larson, 827 F.2d 916, 918 n.3 (3d Cir.1987) ("Any request for extension filed after the original period has run is governed by the excusable neglect standard."), cert. denied, 484 U.S. 1032 (1988).
 
 
 6
 Although the district court erred in scrutinizing the Appellants' extension request under both the "excusable neglect" and "good cause" standards, we conclude that the court properly denied the Appellants' motion to file a notice of appeal out of time because they failed to demonstrate "excusable neglect." Rule 4(a)(5) fails to define the term "excusable neglect," but we have reasoned that "its presence should be determined on the basis of the common sense meaning of the two simple words applied to the facts which are developed." Romero, 930 F.2d at 1505. The common theme running through cases finding "excusable neglect" is that the delay in filing the appeal resulted from unique or extraordinary circumstances, rather than the acts of the Appellant. See, e.g., U.S. v. Andrews, 790 F.2d 803, 806 (10th Cir.1986) (defendant seriously ill, heavily medicated, and not represented by counsel), cert. denied, 481 U.S. 1018 (1987); U.S. v. Twomey, 845 F.2d 1132, 1134 (1st Cir.1988) (filing delay resulted from postal service or court personnel). Here, Makin and Kelly can point to no such extraordinary or unique circumstances to explain their failure to file a timely notice of appeal within the 30-day period. Instead, they merely assert that attendance in court during the 30-day period, inability to access a law library, and ignorance about the district court's dismissal constitute "excusable neglect." As to their first two contentions, Makin and Kelly fail to demonstrate that they attended court during the entire 30-day period or were denied access to a prison law library at all times. Their allegations, unsupported by sufficient facts, are unpersuasive. As to the final rationale, Makin and Kelly do not dispute that the clerk of the district court mailed the dismissal order on the date of issuance. Rather, they merely explain that they were in court on April 21, 1993 and did not receive their mail for two to three days.
 
 
 7
 The Appellants' three proffered reasons, considered separately and as a group, do not rise to the level of "excusable neglect" and we therefore AFFIRM.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 The very issue raised in Makin and Kelly's complaint was the subject of a class action lawsuit that resulted in a settlement agreement in late 1992. See Wilson v. Gunter, No. 90-M-145. As part of the settlement agreement, CDOC has hired an additional Islamic Imam to serve Muslim inmates