51 F.3d 287
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Carol WITTY, Plaintiff-Appellant
v.
HEWLETT-PACKARD COLORADO, INC., aka Hewlett-Packard, a
California corporation Defendant-Appellee
 Nos. 93-1438, 94-1035.
 United States Court of Appeals, Tenth Circuit.
 March 14, 1995.
 
 1
 D.Colo., No. 92-S-1105.
 
 
 2
 D.Colo.
 
 
 3
 AFFIRMED IN PART, DISMISSED IN PART.
 
 
 4
 Before MOORE and BRORBY, Circuit Judges, and ALSOP, Senior District Judge.*
 
 
 5
 ORDER AND JUDGMENT**
 
 
 6
 ALSOP, Senior District Judge.
 
 
 7
 Witty appeals two orders of the United States District Court for the District of Colorado. Because the district court did not abuse its discretion by denying Witty's motion for an extension of time within which to file an appeal, we affirm in Appeal No. 94-1035. Therefore, we do not have jurisdiction to review Appeal No. 93-1438.
 
 
 8
 Witty brought a seven count action against Hewlett-Packard alleging breach of contract, malicious breach of contract, promissory estoppel, breach of the covenant of good faith and fair dealing, wrongful termination based on the public policy exception, outrageous conduct, and fraudulent misrepresentation. On September 27, 1993, the district court granted summary judgment in favor of Hewlett-Packard on all counts. The court entered judgment on September 29, 1993. On November 1, 1993, Witty filed an untimely notice of appeal challenging the grant of summary judgment (Appeal No. 93-1438). Because her appeal was untimely, Witty filed with the district court a motion for an extension of time within which to file her notice of appeal. On November 8, 1993, the district court denied this motion. Next, Witty filed a motion for reconsideration of her motion for an extension of time. On December 14, 1993, the district court granted the motion for reconsideration, but denied Witty's motion for an extension. On January 13, 1994, Witty appealed the district court's denial of her motion for an extension of time (Appeal No. 94-1035).
 
 
 9
 Because Witty's initial notice of appeal was not filed within the thirty day deadline, we do not have jurisdiction to hear the merits of this case (Appeal No. 93-1438) unless we determine the district court abused its discretion by denying Witty's motion for an extension of time within which to file an appeal (Appeal No. 94-1035). See Romero v. Peterson, 930 F.2d 1502, 1505 (10th Cir.1991). Rule 4(a)(5) of the Federal Rules of Appellate Procedure provides that a district court, upon a showing of excusable neglect, may extend the time for filing a notice of appeal. "[T]he time for taking an appeal should not be extended [by the district court] in the absence of circumstances that are 'unique or extraordinary.' " Gooch v. Skelly Oil Co., 493 F.2d 366, 370 (10th Cir.1974), cert. denied, 419 U.S. 997 (1974).
 
 
 10
 The district court found it was not excusable neglect for Witty to rely on the United States mail to deliver her notice of appeal within four days. The district court, therefore, denied Witty's motion for an extension of time within which to file an appeal. A district court's order denying a motion for an extension of time in which to file a notice of appeal is reviewed for a clear abuse of discretion. See Romero v. Peterson, 930 F.2d 1502, 1505 (10th Cir.1991). Witty cites several cases standing for the proposition it is excusable neglect to rely on the United States Postal Service to deliver mail in a timely fashion. See, e.g., Tarabishi v. McAlester Regional Hosp., 951 F.2d 1558 (10th Cir.1991), cert. denied, 112 S.Ct. 2996 (1992). Other courts, however, have ruled delays in United States mail service are foreseeable. See, e.g., Penrod Drilling Co. v. U.S., 925 F.2d 406, 408 (Fed.Cir.1991). Although this Court may have reached a contrary result, it is clear the district court's decision was not an abuse of discretion.
 
 
 11
 We AFFIRM the district court in Appeal No. 94-1035. In view of our disposition of Appeal No. 94-1035, the appeal in 93-1438 is DISMISSED for want of jurisdiction.
 
 
 
 *
 The Honorable Donald D. Alsop, Senior Judge of the United States District Court for the District of Minnesota, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470