FILED
United States Court of Appeals
Tenth Circuit

May 19, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TRAVONE L. RICHARD,

       Plaintiff-Appellant,

v.

(FNU) BOKOR, Doctor/Physician, El
Dorado Correctional Facility; FNU
LNU, State Official,
Defendants - Appellees.

       Defendants-Appellees.

No. 09-3381
(D.C. No. 5:09-CV-03139-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Travone L. Richard, a Kansas state prisoner proceeding *pro se*, appeals

from the district court's dismissal of his 42 U.S.C. § 1983 complaint alleging that

Ms. Bokor, a prison health care provider, violated his constitutional rights by

providing him inadequate medical treatment. Because we agree with the district

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court's conclusion that Mr. Richard has failed to state a claim on which relief may be granted, we affirm.

* * *

Mr. Richard is incarcerated in the Special Management Housing Unit of the El Dorado, Kansas state correctional facility. In February 2009, Mr. Richard sought medical treatment for a chronic illness that causes sores in his mouth. He was scheduled for an initial medical visit with Ms. Bokor, but that visit ended before it began, due to Mr. Richard's disruptive behavior. Mr. Richard's second visit with Ms. Bokor also ended early, again due to his disruptive behavior. During his third visit, Ms. Bokor offered to start Mr. Richard on antibiotics, but he refused. Then, in his fourth visit, Mr. Richard finally accepted treatment and Ms. Bokor prescribed various medications to treat his mouth sores. Two days later, Mr. Richard asked Ms. Bokor to increase the dosage of one of his medications, but she declined his request. Over the next week, Ms. Bokor scheduled two follow-up visits with Mr. Richard, but he refused to attend either of them. Eventually, Mr. Richard says, a different health care provider increased his dosage as requested.

Following this series of events, Mr. Richard filed administrative grievances against Ms. Bokor and, when those proved unsuccessful, filed a complaint in federal district court alleging that Ms. Bokor provided him inadequate medical care in violation of his constitutional rights under the Eighth and Fourteenth

Amendments. He also sought and was granted leave to proceed *in forma pauperis*. The district court dismissed Mr. Richard's complaint pursuant to 28 U.S.C. § 1915(e), which governs proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Mr. Richard now seeks to appeal the district court's dismissal of his complaint.

\* \* \*

Before addressing the merits of Mr. Richard's appeal, we must first assure ourselves of jurisdiction to do so. Mr. Richard filed his notice of appeal after the thirty day deadline required by Federal Rule of Appellate Procedure 4(a)(1), a fact that would normally deprive us of jurisdiction to entertain his appeal. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007). At the time he filed his notice of appeal, however, Mr. Richard also filed a "motion to reopen case," which the district court construed as a motion for an extension of time to file his notice of appeal. *D. Ct. Order of Feb. 4, 2010* at 1-2.

Federal Rule of Appellate Procedure 4(a)(5) allows the district court to extend the deadline for filing a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and . . . that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(i)-(ii). The district court found that Mr. Richard had mistakenly filed his notice of appeal

- 3 -

with the state district court within the initial Rule 4(a)(1) deadline and that he had filed his "motion to reopen" within the Rule 4(a)(5) deadline.  Based on this, the district court held that Mr. Richard had met Rule 4(a)(5)'s requirements, granted him an extension of time, and accepted his notice of appeal as timely filed.  Because the district court's extension of time did not constitute a "clear abuse of discretion," *Romero v. Peterson*, 930 F.2d 1502, 1505 (10th Cir. 1991), we agree that Mr. Richard's notice of appeal was timely filed, and we thus properly possess jurisdiction over his appeal.

\* \* \*

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  And to make out a constitutional claim alleging inadequate medical treatment, a prisoner must demonstrate that the prison staff acted with "deliberate indifference to [his] serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009).

The test for "deliberate indifference" includes two components — one objective, the other subjective.  *See Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006).  The objective component requires that the defendant's medical needs be "sufficiently serious to implicate the Cruel and Unusual Punishment

Clause." *Id.* (internal quotation marks omitted). "A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (internal quotation marks omitted). The subjective component requires that the official "knew [the prisoner] faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Callahan*, 471 F.3d at 1159 (quotation marks omitted).

We agree with the district court that Mr. Richard has failed to state an actionable claim under these standards.[1] Even assuming (without deciding) that his mouth sores presented a "sufficiently serious" medical need, Mr. Richard has not demonstrated that Ms. Bokor disregarded any substantial risk of harm associated with this medical need. In fact, Mr. Richard's pleadings establish just the opposite: Ms. Bokor prescribed medication to treat Mr. Richard's mouth sores and even scheduled follow-up appointments. These efforts were occasionally thwarted by Mr. Richard's own disruptive behavior and refusal of

---

[1] Because Mr. Richard's filings in the district court and this court were prepared *pro se*, we afford them a "solicitous construction." *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). We do not, however, "supply additional factual allegations to round out [Mr. Richard's] complaint or construct a legal theory on [his] behalf." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

- 5 -

treatment. Yet, that hardly establishes that Ms. Bokor was indifferent to his medical needs.

Given all this, Mr. Richard is left, in the end, only with his assertion that Ms. Bokor should have increased the dosage for his medicine when he requested. But this court long ago explained that "a mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980); *see also Estelle*, 429 U.S. at 106 (explaining that even "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."). And the facts alleged in Mr. Richard's complaint suggest no more than this.

\* \* \*

We affirm the district court's dismissal of Mr. Richard's complaint. Because the district court granted Mr. Richard leave to proceed *in forma pauperis* on appeal, we remind him of his obligation to continue making partial payments until the entire filing fee for this appeal is paid. *See* 28 U.S.C. § 1915(b).

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge