FILED

United States Court of Appeals

Tenth Circuit

October 10, 2012

Elisabeth A. Shumaker

Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PAUL MORTON,

      Plaintiff-Appellant,

v.

PROGRESSIVE NORTHERN
INSURANCE COMPANY,

      Defendant-Appellee.

No. 11-6082
(D.C. No. 5:09-CV-01406-W)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **HOLLOWAY**, and **MATHESON**, Circuit Judges.

While boating over a Memorial Day weekend, Paul Morton's boat motor was
damaged, he claims from a submerged object. His insurer, Progressive Northern
Insurance Company, concluded the damage was caused by wear and tear and
mechanical failure, and refused to pay for the repair. Morton sued Progressive for
breach of duty to deal fairly and to act in good faith. A jury found in favor of

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Progressive. Mr. Morton appeals, challenging several of the district court's evidentiary rulings and its grant of Progressive's motion for attorneys' fees.

We first address Progressive's motion to dismiss the appeal as untimely. Mr. Morton filed his notice of appeal after the thirty-day deadline imposed by Fed. R. App. P. 4(a)(1)(A), a fact that would normally deprive us of jurisdiction to entertain his appeal, *see Bowles v. Russell*, 551 U.S. 205, 214 (2007). But Mr. Morton filed a timely Motion for Extension of Time to File Appeal under Fed. R. App. P. 4(a)(5), which allows the district court to extend the deadline for filing a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and . . . that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A).

Mr. Morton's counsel stated that his wife, who is his law firm's sole secretary and paralegal, was the victim of an assault and battery after the conclusion of Mr. Morton's trial, and the distractions caused by that crime and her related injuries and medical treatment negatively affected his law firm such that he filed an untimely new trial motion in this matter. Had that motion been timely filed, the time to file the appeal would have been tolled. The district court carefully considered all of the factors articulated by the Supreme Court as relevant to determining whether a motion to extend should be granted, *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), and found that Mr. Morton had established excusable neglect. The district court granted the extension of time, and accepted the

notice of appeal as timely filed. We conclude the district court's extension of time did not constitute a "clear abuse of discretion," *Romero v. Peterson*, 930 F.2d 1502, 1505 (10th Cir. 1991), and, accordingly, that Mr. Morton's notice of appeal was timely filed. Thus, we deny Progressive's motion to dismiss this appeal for lack of jurisdiction. For the reasons set forth below, we affirm.

## BACKGROUND

Mr. Morton was boating with friends when they felt a jolt and the boat stopped. A portion of the boat motor was broken. Mr. Morton asked a friend and his son to repair his boat. Several weeks later, Mr. Morton called Progressive to report the claim.

Progressive's claims adjustor, Mohammad Qazi, investigated the claim by looking at photographs of the boat's parts and speaking with Mr. Morton and his friend. Mr. Qazi had been taught in his training that if a boat had hit a submerged object, there would be a trail of damage on the boat's lower unit. The photographs of the boat's parts and lower unit showed no trail of damage, and he testified that the person who made the repairs told him there had been no damage to the lower unit or the propeller. From this, Mr. Qazi concluded the damage to the motor part was caused by wear and tear and mechanical failure, not by hitting a submerged object. Mr. Qazi's supervisors concurred after reviewing the results of his investigation. Because damage to the boat caused by mechanical failure or wear and tear is excluded from coverage, Progressive denied Mr. Morton's claim.

- 3 -

Mr. Morton brought suit in Oklahoma state court, but Progressive removed the action to federal court. After a four-day trial, a jury found in favor of Progressive. Mr. Morton appeals, claiming the district court erred in admitting or excluding certain evidence and in awarding Progressive its attorney fees.

## DISCUSSION

### A. Claims of Evidentiary Error

We review the district court's decision to admit or exclude evidence, including expert witness testimony, for an abuse of discretion. *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1213 (10th Cir. 2011). "A trial court's decision will not be disturbed unless this Court has a definite and firm conviction that the trial court has made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 968-69 (10th Cir. 2001) (internal quotation marks and alterations omitted).

#### 1. Exclusion of Opinion Testimony

Mr. Morton first contends the district court erred in ruling the two men who repaired the boat could not testify about their opinion as to what caused the damage to his boat motor. The district court ruled that such causation testimony required scientific or specialized knowledge and, because Mr. Morton did not list either of the men as expert witnesses, their causation testimony must be excluded. We find no error in the district court's exclusion of the proposed testimony as to causation.

- 4 -

It is undisputed that Mr. Morton did not disclose the repair men as expert witnesses as required by Fed. R. Civ. P. 26(a)(2). Mr. Morton identified one of the men in his initial discovery disclosures as a fact witness who would testify about his examination and repair of the motor, but he did not identify the other as a witness. After the deadline passed for disclosing expert witnesses, Mr. Morton added the other man to his final pretrial witness list to testify that the boat's damage was caused by impact. Further, it appeared from the originally listed witness's deposition that he was going to offer the same opinion testimony. Progressive moved to strike this causation testimony for failure to comply with Rule 26(a)(2). The district court granted the motion, ruling that the two men could give factual testimony about what they observed on the boat and what they repaired, but could not offer any opinion as to what they concluded, opined or guessed from those observations.

The consequence of failing to comply with Rule 26(a)(2) is the mandatory exclusion of the expert's testimony unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). The "duty to disclose a witness *as an expert* is *not* excused when a witness who will testify as a fact witness *and* as an expert witness is disclosed as a fact witness." *Tribble v. Evangelides*, 670 F.3d 753, 759 (7th Cir. 2012). "Without proper disclosures, a party may miss its opportunity to disqualify the expert, retain rebuttal experts, or hold depositions for an expert not required to provide a report." *Id.* at 759-60.

But Mr. Morton argues that he was not required to disclose the men as expert witnesses under Rule 26(a)(2) because, as the boat mechanics who repaired his motor, they were lay witnesses testifying as observers of the cause of the damage. He argues the district court should therefore have admitted their causation testimony under Fed. R. Evid. 701.

Under Rule 701, lay witnesses may give opinion testimony only if the opinion is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of [expert testimony] Rule 702." *Id.* "Rule 701 'does not permit a lay witness to express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness.'" *James River*, 658 F.3d at 1214 (quoting *Randolph v. Collectramatic, Inc.*, 590 F.2d 844, 846 (10th Cir. 1979)). Rule 701 only "allows lay witnesses to offer observations that are common enough and require a limited amount of expertise, if any." *Id.* (internal quotation marks and alteration omitted). "[T]he type of evidence contemplated by . . . Rule 701 relates to the appearance of persons or things, identity, the manner of conduct, competency of a person, degrees of light or darkness, sound, size, weight, distance, and . . . items that cannot be described factually in words apart from inferences." *Id.* (internal quotation marks omitted).

We conclude that the district court reasonably ruled that the determination of what caused the damage to Mr. Morton's boat motor is a matter which is beyond the realm of common experience and required technical, specialized knowledge and professional training. *See James River,* 658 F.3d at 1214-15. Progressive presented evidence that knowledge of what causes failure and damage to boats and boat motors requires specialized training and knowledge, which the men admitted they did not have. Because the two men were not present when the damage occurred, they could not provide any factual testimony about the incident based on their own personal knowledge, only their inferences and guesses. They had no personal knowledge of the boat's speed or location, the lake bottom, or weather conditions at the time of the incident.

In sum, the district court did not abuse its discretion in excluding the proposed causation testimony under Fed. R. Civ. P. 37(c)(1) and Fed. R. Evid. 701(c).

### 2. *Evidence of Morton's Use of Racial Epithets*

Mr. Morton claims the district court should have excluded, as irrelevant and prejudicial, evidence that he called Mr. Qazi racially offensive names. Mr. Morton argues the racial-epithet evidence was not relevant because he was not on trial and does not owe his insurer any duty of good faith. Further, he asserts the prejudicial effect of depicting him as prejudiced outweighed any relevance.

A Progressive manager testified in her deposition that after Mr. Qazi told Mr. Morton that Progressive was denying his claim, Mr. Morton called her to

complain, during which he referred to Mr. Qazi using a racial epithet and called him "a terrorist and demanded that [Mr. Qazi] go back to his own country" and that he should never have been here to begin with. Aplee. Suppl. App., Vol. VIII, at 1741-42.

Mr. Morton filed a pre-trial motion in limine seeking to exclude this evidence under Fed. R. Evid. 401, 402 and 403. Progressive argued this evidence was relevant to counter Mr. Morton's allegations that Mr. Qazi made him feel like an insurance cheat and laughed at Mr. Morton's spouse. The district court denied Mr. Morton's motion in limine, and the manager's deposition was read to the jury.

Progressive asserts that Mr. Morton failed to preserve this issue for appellate review because he did not renew his objection when the deposition was read to the jury. We disagree. Because the district court definitively ruled on the admissibility of this evidence, Mr. Morton was not obligated to renew his objection at trial. Fed. R. Evid. 103(b) ("Once the court rules definitively on the record--either before or at trial--a party need not renew an objection or offer of proof to preserve a claim of error for appeal.").

Exclusion of evidence under Rule 403 is an extraordinary remedy that should be used sparingly. *World Wide Ass'n of Specialty Programs v. Pure, Inc.*, 450 F.3d 1132, 1139 (10th Cir. 2006). Absent a clear abuse of discretion, we defer to the district court as to whether the probative value of evidence is substantially outweighed by the danger of unfair prejudice, because the district court is familiar

with the full array of evidence in the case. *Id.* Based on our review of the record and the trial transcript, we find no abuse of discretion. Mr. Morton testified that Mr. Qazi did not help with Mr. Morton's claim; inferred Mr. Morton was a liar; treated Mr. Morton like a cheat; lied about his conversation with a repair man; and laughed when Mr. Morton's wife asked him to spell his name. Further, Mr. Morton introduced evidence about his own character and credibility; testified he did not recall calling Mr. Qazi any names; and denied that he referred to Mr. Qazi's Middle Eastern national origin. The evidence is therefore at least marginally relevant to rebut Mr. Morton's character and credibility evidence as well as to rebut his characterization of his interactions with Mr. Qazi and other Progressive employees.

We do not find the district court's Rule 403 balancing to be arbitrary or irrational.

### 3. *Testimony of Ms. Lair and Mr. Benton*

Next, Mr. Morton claims the district court abused its discretion in denying several of his evidentiary objections at trial. First, Ms. Lair, a certified marine investigator and Progressive's corporate trainer, testified she trains claims handlers that they need not interview every passenger on a boat at the time of an incident. In her experience, these witnesses are unable to discern the difference between mechanical failure of the engine versus hitting a submerged object. She was asked to provide the reasons for this training, giving relevant personal and professional experiences.

Mr. Morton's counsel objected to her describing any of her personal experiences, but gave no reason for his objection. On appeal, Mr. Morton contends that Ms. Lair's personal-experience testimony was an unfair surprise.

Progressive disclosed that Ms. Lair would testify about how to properly investigate a boat-related insurance claim. Ms. Lair's descriptions of both her personal and professional experiences supported her assertion that interviewing boat passengers was not necessary in a claim's investigation because mechanical failure feels the same to a passenger as hitting a submerged object. Mr. Morton did not explain the basis of his objection to Ms. Lair's personal experiences, and the district court cannot be expected to know the basis of an evidentiary objection if it is not stated. *See* Fed. R. Evid. 103(a)(1)(B) (requiring the party to state the specific ground of objection, if the specific ground was not apparent from the context). The district court did not abuse its discretion in denying this objection.

Next, Mr. Benton, an independent investigator and marine surveyor, testified that in the three-to-four thousand claims he had investigated, he had never taken a recorded statement of a mechanic because the boat parts tell the story. Although Mr. Morton now claims on appeal this testimony was an unfair surprise, we see no objection to this testimony by Mr. Morton's counsel in the trial transcripts. Nor do we discern any plain error.

Mr. Benton also testified that Progressive's training materials were superior to other insurance companies' training materials that he had seen. Progressive then

sought to introduce the training materials of another insurer. Mr. Morton objected to the admission of this exhibit because it was not information Progressive relied upon in denying his claim, citing *Buzzard v. Farmers Insurance Co.*, 824 P.2d 1105, 1109 (Okla. 1991) ("The knowledge and belief of the insurer during the time period the claim is being reviewed is the focus of a bad-faith claim."). The district court denied the objection, and allowed the exhibit to be admitted, but allowed Mr. Benton to express his opinion only as to these materials compared to Progressive's. Again, we conclude the district court did not abuse its discretion in admitting this exhibit. Based upon our review of the record and the trial transcript, it is clear that Mr. Morton based much of his bad-faith claim on his allegation that Progressive's investigation fell below industry standards. The training material of another insurer was therefore properly-admitted rebuttal evidence.

### B. *Award of Attorney Fees*

Mr. Morton also contends the district court should not have awarded Progressive attorneys' fees as a prevailing party under Okla. Stat. tit. 36, § 3629(B) because the "core element" of his case was not the insured loss. In diversity cases, an award of attorneys' fees is a substantive legal issue determined by state law. *N. Tex. Prod. Credit Ass'n v. McCurtain Cnty. Nat'l Bank*, 222 F.3d 800, 817 (10th Cir. 2000). We review the district court's legal conclusions regarding attorneys' fees de novo and the reasonableness and amount of the award for abuse of discretion. *Id*.

Under the Oklahoma Insurance Code, the statute authorizing awards of attorneys' fees to the prevailing party states in part:

> It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed the written offer of settlement.

Okla. Stat. tit. 36, § 3629(B).

Mr. Morton argues that Progressive may not recover attorneys' fees under § 3629(B) because the primary focus of his claim was not the benefits he sought under the insurance policy, but his damages for the anger, embarrassment and mental and emotional distress caused him by Progressive's unreasonable investigation of his claim. But as the district court correctly recognized in awarding § 3629(B) fees to Progressive, Oklahoma courts have clearly held that "[r]ecovery authorized by § 3629(B) embraces both contract-and tort-related theories of liability so long as the 'core element' of the damages *sought* . . . is composed of the insured loss." *Taylor v. State Farm Fire & Cas. Co.*, 981 P.2d 1253, 1256 (Okla. 1999). Mr. Morton's complaint asserted that Progressive wrongfully denied his insurance claim and acted in bad faith by denying the benefits he was entitled to under the insurance policy, and he sought damages, "including, but not limited to, [the] loss of insurance benefits." Aplt. App., Vol. 1, Ex. 2, at 3-5. Further, it is undisputed that he had to prove that Progressive was required to pay his insurance claim under the insurance policy to

- 12 -

prevail on his bad-faith claim. Thus, the record supports the district court's ruling that the insured loss was a core element of Mr. Morton's claim.

Mr. Morton also argues that after he notified Progressive of his claim, it did not send him a proof of loss form and, therefore, Progressive did not comply with § 3629(A), which states that "[a]n insurer shall furnish, upon written request of any insured claiming to have a loss under an insurance contract issued by such insurer, forms of proof of loss for completion by such person." The district court rejected this argument, relying upon our holding that any notice of a claim that the insurance contract requires satisfies any proof of loss requirement in § 3629. *Regional Air, Inc. v. Canal Ins. Co.*, 639 F.3d 1229, 1235-36 (10th Cir. 2011) ("*if* a proof of loss is a predicate to recovery under § 3629, it is a requirement easily met: an insured need only provide the kind of notice its policy requires for receiving coverage." (citation omitted)).

Progressive did not require a written proof of loss form from Mr. Morton and Mr. Morton did not ask Progressive to provide him with one. We find no error in the district court's holding that Progressive complied with the terms of § 3629.

The judgment of the district court is AFFIRMED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

- 13 -