737 P.2d 90

**Mary Frances OTERO, Formerly known as Mary Frances Hill, Individually and as Personal Representative of the Estate of Richard Hill, Deceased, Plaintiff-Appellant,**

v.

**STATE of New Mexico and the Department of Finance & Administration, Defendants-Appellees.**

**No. 8886.**

Court of Appeals of New Mexico.

April 9, 1987.

Certiorari Denied May 14, 1987.

James T. Roach, Albuquerque, for plaintiff-appellant.

Hal Stratton, Atty. Gen., Holly A. Hart and Kevin V. Reilly, Asst. Attys. Gen., Santa Fe, for defendants-appellees.

## OPINION

BIVINS, Judge.

In this case, we must decide whether the State of New Mexico and its Department of Finance and Administration (DFA) are responsible, under the Tort Claims Act, NMSA 1978, Sections 41–4–1 to –29 (Repl. 1986), for paying a federal court judgment against a penitentiary guard when neither the state nor any of its agencies had notice of either the claim or of the federal court suit. We hold that the state and DFA are not responsible for paying the judgment.

Plaintiff's decedent, a prisoner at the penitentiary, was killed by three other prisoners. Plaintiff filed a suit in federal court based on 42 U.S.C.A. Section 1983 (West 1981) against a penitentiary guard. Plaintiff alleged that the guard allowed the three prisoners out of their cells when he knew or should have known that they intended to kill decedent. Plaintiff's complaint also alleged that the guard conspired with the three prisoners to deprive decedent of life without due process. The guard was served with process, but entered no appearance in the federal suit. Plaintiff secured a default judgment against the guard for $68,000.

Plaintiff then brought suit in state court seeking to collect the judgment from the state or DFA. As the only direct basis for recovery, plaintiff alleged, both at trial and on appeal, that defendants were obligated to pay the judgment under Section 41–4–4(D). The trial court granted summary judgment to defendants and plaintiff appeals. We affirm.

Although the state raises a number of contentions concerning the guard's acting within the scope of his duties and the state's due process right to notice within the context of the federal suit, we need only construe pertinent portions of the Tort Claims Act to hold that the state is not liable for the judgment under the facts of this case. We uphold a decision of a trial court if it is correct for any reason and do not reverse when the correct result is reached. *H.T. Coker Constr. Co. v. Whitfield Transp., Inc.*, 85 N.M. 802, 518 P.2d 782 (Ct.App.1974).

For plaintiff, defendants' obligation to pay the federal judgment is simple. She relies on Section 41–4–4(D), which provides:

A governmental entity shall pay any settlement or any final judgment entered against a public employee for:

\*     \*     \*     \*     \*     \*

(2) a violation of property rights or any rights, privileges or immunities secured by the constitution and laws of the United States or the constitution and laws of New Mexico, which occurred while the public employee was acting within the scope of his duty.

Plaintiff argues that: (1) the state is a governmental entity, Section 41–4–3(B) and (G); (2) the word "shall" is mandatory, NMSA 1978, Section 12–2–2(I); (3) the federal judgment is included within the plain meaning of "any final judgment"; (4) the guard is a public employee, *see* Section 41–4–3(E); (5) allowing prisoners in and out of their cells is one duty of guards who are statutorily responsible for the custody and discipline of convicts, NMSA 1978, Section 33–2–15 (Repl.Pamp.1983); and (6) the violation of rights is established by the default judgment. Plaintiff next relies on *Martinez v. City of Clovis*, 95 N.M. 654, 625 P.2d 583 (Ct.App.1980), which holds that notice of claim against a state or local public body, pursuant to Section 41–4–16, need not be given to public employees. Based on the above, plaintiff urges that Section 41–4–4(D) requires no further proof and that she is entitled to prevail.

For purposes of this opinion, we assume arguendo that plaintiff's first six arguments are correct. Further, we accept that we held, in *Martinez*, that notice need not be given to employees. Nevertheless, it does not necessarily follow that the state must pay plaintiff's judgment. For us to hold the state liable for the judgment in

this situation would ignore the remainder of the Tort Claims Act and lead to intolerable results.

The Tort Claims Act was enacted in response to the judicial abolition of sovereign immunity and acts to protect the public treasury. *Garcia v. Albuquerque Pub. Schools Bd. of Educ.,* 95 N.M. 391, 622 P.2d 699 (Ct.App.1980). In so protecting the treasury, immunity is reenacted, subject to a number of limited exceptions, Sections 41–4–5 to –12, and governed by a number of procedural and substantive provisions, Sections 41–4–4 and –13 to –25.

The procedural and substantive provisions require governmental entities to cover the risks and enable the risks to be managed. Thus, Section 41–4–19 limits the amount of damages recoverable and Section 41–4–17 declares that the Tort Claims Act is an exclusive remedy. Sections 41–4–20, –22 and –25 to –29 contain detailed provisions relating to how the risks will be covered, i.e., by insurance, insurance funds and public liability funds. These provisions furnish further guidance as to how agencies responsible for covering the risks shall operate. *See also* § 41–4–24.

Significantly, for purposes of this case, we note that one way to manage the risks is to require that notice of claims be given to the governmental entities within ninety days of the occurrence. § 41–4–16; *see Ferguson v. New Mexico State Highway Comm'n,* 99 N.M. 194, 656 P.2d 244 (Ct. App.1982). The notice provision also enables governmental entities to fulfill their duty to provide a defense under Section 41–4–4(B), for without notice governmental entities cannot be aware of and properly fulfill their duty to defend.

Yet, plaintiff would have us read Section 41–4–4(D) in a vacuum so as to require governmental entities to pay judgments, notwithstanding the absence of notice of the claim and the absence of notice or knowledge of suit that would have allowed the governmental entity to provide a defense. In short, plaintiff would have us read the statutes to require payment of the judgment without the defendants having been afforded any notice or opportunity to participate or defend the lawsuit whatsoever. This we will not do.

■ A cardinal rule of statutory construction requires that provisions of statutes be read in connection with each other so as to produce a harmonious whole. *General Motors Acceptance Corp. v. Anaya,* 103 N.M. 72, 703 P.2d 169 (1985); *Atencio v. Board of Educ. of Penasco Indep. School Dist. No. 4,* 99 N.M. 168, 655 P.2d 1012 (1982). Another rule is that we may not give a statute its literal reading if such a reading would lead to injustice, absurdity, or contradiction. *Id.; Wells v. County of Valencia,* 98 N.M. 3, 644 P.2d 517 (1982).

Plaintiff's literal reading of Section 41–4–4(D) would violate both of these rules. In the context of a carefully drafted statute that: waives immunity; contains means for covering the risks; provides methods for those entities covering the risks to investigate and defend claims; and contains other stringent limitations on payment, the legislature surely could not have intended that governmental entities pay judgments arising out of the default of one alleged to be a public employee when the governmental entity did not have the benefit of any of the statutory provisions integral to the whole scheme.

■ Indeed, the legislature has declared the public policy of New Mexico to be "that governmental entities and public employees shall *only* be liable within the limitations of the Tort Claims Act * * *." § 41–4–2(A) (emphasis added). "The right to sue and any recovery under the New Mexico Tort Claims Act is limited to the rights, procedures, limitations and conditions prescribed in that Act." *Methola v. County of Eddy,* 95 N.M. 329, 334, 622 P.2d 234, 239 (1980). Having failed to comply with the notice requirements of Section 41–4–16, plaintiff cannot now seek payment from the very entity she failed to notify. Having so disposed of the case on this ground, we do not consider possible constitutional issues of whether an entity, precluded from vicarious liability for Section 1983 claims as a matter of federal law, can be held liable for such under our state Tort Claims Act.

**734**

*See Moor v. County of Alameda,* 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); *McClelland v. Facteau,* 610 F.2d 693 (10th Cir.1979); *Furumoto v. Lyman,* 362 F.Supp. 1267, n. 9 (N.D.Cal.1973); *Knipp v. Weikle,* 405 F.Supp. 782, n. 4 (N.D.Ohio, E.D.1975).

In holding that the state is not liable for payment in this case, we do not overrule *Martinez,* which holds that courts have jurisdiction over suits against public employees notwithstanding the lack of notice to the governmental entity. However, to the extent that dicta in *Martinez* may be read to imply that governmental entities are required to pay judgments despite lack of notice to them, that language is not to be followed.

In holding that the lack of notice of claim to the governmental entity precludes payment of a default judgment rendered against a public employee, we do not wish to imply that notice of the claim alone would mandate payment. We can foresee the possibility of the notice requirements having been met, but neither the state nor local public body having been named as a defendant or given notice of suit, as occurred here. We stated recently in *Abalos v. Bernalillo County District Attorney's Office,* 734 P.2d 794 (N.M.App.1987), that we did not intend to relieve any unnamed entity from liability imposed by Section 41–4–4. This statement merely recognized the statutorily imposed duty on entities. *Abalos* did not, however, reach the issue of whether the entity had received the requisite notice of the claim under Section 41–4–16, notice of the suit or any other procedural requirements under the Act. We need not decide those issues here. It is enough that notice of the claim was not given.

■ Plaintiff also contends the state should be estopped from denying its liability to her under the particular facts of this case. The factual basis for this estoppel claim is that, shortly after the federal court judgment, plaintiff requested payment from the state and the state refused payment on the grounds that it was not notified of and had nothing to do with the federal suit. Plaintiff claims the state should be estopped because it did not avail itself of remedies provided under Fed.R. Civ.P. 60 to set aside the judgment.

This argument is frivolous. The state was not a party to the federal suit. No judgment had been entered against it in the federal suit. Except for the statute, Section 41–4–4(D), which we have held inapplicable here, the state could not be bound in any way by a suit to which it was not a party or by a judgment against a third party. The state was not required to attack the judgment under Fed.R.Civ.P. 60 and, therefore, cannot be estopped from denying its alleged liability to plaintiff under our Tort Claims Act by failing to do so. *See Peltz v. New Mexico Dep't of Health & Social Servs.,* 89 N.M. 276, 551 P.2d 100 (Ct.App.1976).

Oral argument is unnecessary. *See Garcia v. Genuine Parts Company,* 90 N.M. 124, 560 P.2d 545 (Ct.App.1977). The summary judgment is affirmed.

IT IS SO ORDERED.

DONNELLY, C.J., and FRUMAN, J., concur.