**Certiorari Granted, February 7, 2014, No. 34,447**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number:  2014-NMCA-028**

**Filing Date:  November 13, 2013**

**Docket No. 32,405**

**JOSE LUIS LOYA,**

      **Plaintiff,**

**v.**

**GLEN GUTIERREZ, Commissioned**
**Officer of Santa Fe County,**

      **Defendant/Third-Party Plaintiff-Appellant,**

**v.**

**COUNTY OF SANTA FE,**

      **Third-Party Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Barbara J. Vigil, District Judge**

Ray A. Padilla, P.C.
Ray A. Padilla
Albuquerque, NM

for Appellant

Law Office of Michael Dickman
Michael Dickman
Santa Fe, NM

for Appellee

**OPINION**

1

**VANZI, Judge.**

**{1}**      In this case, the issue before us is whether the County of Santa Fe (the County) has a duty to defend or indemnify a tribal police officer who, while exercising his authority as a commissioned County sheriff's deputy, unlawfully arrested a non-Indian person within the exterior boundaries of the Pueblo of Pojoaque (the Pueblo). The district court concluded that the County did not have a duty to defend and/or indemnify Officer Glen Gutierrez because he was not a "public employee" or "law enforcement officer" of a "governmental entity" as those terms are defined by the New Mexico Tort Claims Act (the TCA), NMSA 1978, §§ 41-4-1 to -30 (1976, as amended through 2013). *See* § 41-4-3. We agree with the district court and affirm.

**BACKGROUND**

**{2}**      The parties do not dispute the facts. The essential allegations in the underlying complaint are that Appellant Officer Gutierrez, while on official duty for the Pueblo police department, made a traffic stop of Plaintiff Jose Luis Loya's vehicle. The stop occurred on U.S. Highway 84/285, a state-maintained road within the exterior boundaries of the Pueblo. At the time of the stop, Officer Gutierrez was dressed in his full tribal police uniform, displaying his tribal badge of office, and driving his tribally issued police vehicle. In addition to acting under tribal law, Officer Gutierrez was also on duty as a duly commissioned Santa Fe County Deputy Sheriff, which gave him the authority to arrest, charge, and jail non-Indians, such as Loya, for violations of New Mexico state law.

**{3}**      Ultimately, Officer Gutierrez, along with two other tribal officers, arrested Loya for reckless driving under NMSA 1978, Section 66-8-113 (1987) and took him to the tribal police department for processing. Loya was subsequently transported to the Santa Fe County jail and later prosecuted for the offense in the Santa Fe County Magistrate Court.

**{4}**      As a result of the incident, Loya filed a complaint against Officer Gutierrez and brought claims against him under 42 U.S.C. § 1983 (1996) for false arrest, malicious prosecution, and use of excessive force. In his answer to Loya's complaint, Officer Gutierrez filed a third-party declaratory judgment action against the County, stating that the County was required to defend and indemnify him in the matter. On cross-motions for summary judgment, and after hearing argument from the parties, the district court ruled that the County did not have a duty to defend and/or indemnify Officer Gutierrez. The court based its decision on the grounds that the issue was governed by the TCA and that to receive the benefit of the defense and indemnification provisions of the TCA, Officer Gutierrez had to be a "public employee" or "law enforcement officer" of a "governmental entity" as those terms are defined. The district court found that Officer Gutierrez was not a full-time or part-time salaried officer employed by the County, but rather, he was a police officer hired, trained, supervised, subject to discipline, and employed by the Pueblo. Further, the court found that the Pueblo is a sovereign Indian tribe that is not a "governmental entity" as defined by the TCA. Therefore, the district court ruled that the County had no duty to

2

defend and/or indemnify Officer Gutierrez. This appeal timely followed.

**DISCUSSION**

**Standard of Review**

**{5}** "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. We review the grant of summary judgment under a de novo standard of review. *Id.*; *City of Albuquerque v. BPLW Architects & Eng'rs, Inc.*, 2009-NMCA-081, ¶ 7, 146 N.M. 717, 213 P.3d 1146 (holding that "if no material issues of fact are in dispute and an appeal presents only a question of law, we apply de novo review").

**{6}** In addition, we review the district court's interpretation of the TCA as a question of law subject to de novo review. *Am. Fed'n of State, Cnty. & Mun. Emps., Council 18 v. City of Albuquerque*, 2013-NMCA-012, ¶ 6, 293 P.3d 943, *cert. quashed*, 2013-NMCERT-008, 309 P.3d 101. "In construing a statute, our charge is to determine and give effect to the Legislature's intent." *Marbob Energy Corp. v. N.M. Oil Conservation Comm'n*, 2009-NMSC-013, ¶ 9, 146 N.M. 24, 206 P.3d 135. "In discerning the Legislature's intent, we are aided by classic canons of statutory construction, and we look first to the plain language of the statute, giving the words their ordinary meaning, unless the Legislature indicates a different one was intended." *Id.* (alteration, internal quotation marks, and citation omitted). "We will not depart from the plain wording of a statute, unless it is necessary to resolve an ambiguity, correct a mistake or an absurdity that the Legislature could not have intended, or to deal with an irreconcilable conflict among statutory provisions." *Regents of Univ. of N.M. v. N.M. Fed'n of Teachers*, 1998-NMSC-020, ¶ 28, 125 N.M. 401, 962 P.2d 1236.

**The New Mexico Tort Claims Act**

**{7}** The TCA is the primary vehicle by which the state may be held liable for injuries caused by the negligence of its employees. The TCA entitles public employees to a legal defense provided by his or her employer or the state when a plaintiff alleges that the employee committed certain enumerated torts for which immunity has been waived, or if the employee violated the plaintiff's constitutional rights. *See* § 41-4-4(B). Similarly, a state employer must pay a judgment or a settlement entered against a public employee if the employee acted within the scope of his duties. *See* § 41-4-4(D).

**{8}** In this case, Loya's lawsuit against Officer Gutierrez alleges only violations of federally protected constitutional rights under 42 U.S.C. § 1983. *See* § 41-4-4(A) (noting the state's immunity from tort liability and its exceptions). The parties agree that the question of whether the County must defend and/or indemnify Officer Gutierrez is governed by the TCA. Section 41-4-4(B) of the TCA requires that, unless an insurance carrier provides a defense, governmental entities shall provide a public employee a defense for:

(2)    any violation of property rights or any rights, privileges or immunities secured by the constitution and laws of the United States . . . when alleged to have been committed by the public employee while acting within the scope of his duty.

Likewise, the governmental entity must provide indemnification to a public employee who has been sued for damages. Section 41-4-4(D) provides:

A governmental entity shall pay any settlement or any final judgment entered against a public employee for:

. . .

(2)    a violation of property rights or any rights, privileges or immunities secured by the constitution and laws of the United States . . . that occurred while the public employee was acting within the scope of his duty.

**{9}**    At issue is whether Officer Gutierrez, acting in his capacity as a commissioned County Sheriff's Deputy, is a "public employee" of a "governmental entity" entitled to the defense and indemnification provisions above. *See* § 41-4-4(B), (D). The TCA defines a "public employee," in pertinent part, as "an officer, employee or servant of a governmental entity, excluding independent contractors[.]" Section 41-4-3(F). This definition goes on to include fourteen categories of persons who are considered "public employees," including, as we discuss further below, "law enforcement officers" and those working "on behalf or in service of a governmental entity in any official capacity[.]" *See* § 41-4-3(F)(2), (3). A "governmental entity" means the State of New Mexico and its agencies, or any local public body and its agencies. *See* § 41-4-3(B), (C), (H). It does not include sovereign Indian pueblos and tribes.

**{10}**    Here, Officer Gutierrez seeks the benefit of a defense and/or indemnification for claims involving the conduct of law enforcement officers. Officer Gutierrez concedes that he is not a "law enforcement officer" within the meaning of the TCA; however, he argues that he fits within another of the enumerated definitions of "public employee." For the reasons that follow, while we agree that Officer Gutierrez is not a "law enforcement officer" within the meaning and definitions of the TCA, we disagree that he meets any alternate definition of a "public employee."

**Officer Gutierrez Is Not a "Law Enforcement Officer" of a "Governmental Entity"**

**{11}**    As we have noted, the County's obligation to provide Officer Gutierrez a defense

4

and/or indemnification arises only if he is a "public employee" of a "governmental entity."[1] And the TCA defines "public employee" to include law enforcement officers. Section 41-4-3(F)(2). In relevant part, Section 41-4-3(D) more precisely defines a "law enforcement officer" as

> a full-time salaried public employee of a governmental entity, or a certified part-time salaried police officer employed by a governmental entity, whose principal duties under law are to hold in custody any person accused of a criminal offense, to maintain public order or to make arrests for crimes[.]

Our courts have construed this definition strictly. *See, e.g.*, *Silva v. State*, 1987-NMSC-107, ¶ 17, 106 N.M. 472, 745 P.2d 380 (holding that the secretary of corrections is not a "law enforcement officer" under the TCA); *Coyazo v. State*, 1995-NMCA-056, ¶¶ 14-19, 120 N.M. 47, 897 P.2d 234 (concluding that district attorneys and staff were not "law enforcement officers"); *Dunn v. State ex rel. Taxation & Revenue Dep't*, 1993-NMCA-059, ¶ 11, 116 N.M. 1, 859 P.2d 469 (holding that the director of the New Mexico Motor Vehicle Department, who has statutory authority to make arrests, was not a law enforcement officer because the "vast majority of [his] time and effort are involved in administrative matters" (internal quotation marks omitted)).

**{12}** Here, Officer Gutierrez agrees that he does not meet the definition of "law enforcement officer" under Section 41-4-3(D). We nevertheless address this provision of the TCA because our analysis settles the present dispute with regard to the County's duty to defend and/or indemnify Officer Gutierrez. We start with the facts.

**{13}** Officer Gutierrez was on duty as a full-time Pueblo tribal law enforcement officer, acting in his capacity as a commissioned Deputy Sheriff for the County, when he made the traffic stop of Loya's vehicle in September 2009. At the time of the stop, Officer Gutierrez was dressed in his tribal police uniform, including wearing his tribal badge, and driving his tribally issued police vehicle. Officer Gutierrez, assisted by two other tribal officers, ultimately arrested Loya for the misdemeanor crime of reckless driving under Section 66-8-113. Loya was taken to the tribal police department for processing and then transported to the Santa Fe County jail by another tribal officer.

---

[1]Under a similar factual scenario, this Court has previously held that the TCA's definition of "public employee" under Section 41-4-3(F) and "governmental entity" under Section 41-4-3(B) did not include a cross-deputized Navajo police officer who was sued after issuing a Navajo speeding ticket to a non-Indian on a state right of way through the Navajo Nation. *Williams v. Bd. of Cnty. Comm'rs of San Juan Cnty.*, 1998-NMCA-090, ¶¶ 2, 26, 125 N.M. 445, 963 P.2d 522. Although *Williams* is arguably dispositive, it did not address any of the enumerated definitions raised by Officer Gutierrez on appeal. We therefore proceed to consider those arguments.

**{14}**    As a result of the stop and arrest, Loya brought a complaint under 42 U.S.C. § 1983 against Officer Gutierrez, alleging that Officer Gutierrez "violently attacked [him]" during the incident leading to the arrest and that Officer Gutierrez pinned Loya by his neck to his vehicle and then kicked him, causing Loya to have neck spasms and injuries.  The complaint also asserted that Officer Gutierrez was a law enforcement and commissioned officer for the County and that he was "acting under color of state law, in patrolling a state highway and enforcing state criminal statutes."

**{15}**    The above facts establish that Officer Gutierrez was performing traditional law enforcement duties when he stopped and arrested Loya.  Moreover, the claims against Officer Gutierrez—unreasonable seizure and deprivation of liberty, prosecution without probable cause, and excessive force—can only be understood to come within Section 41-4-12's waiver of immunity for "law enforcement officers."  Section 41-4-12 provides:

> The immunity granted pursuant to Subsection A of Section 41-4-4 . . . does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties.

**{16}**    Although Officer Gutierrez was exercising his authority as a commissioned County Sheriff's Deputy when he stopped and arrested Loya, the district court found—and Officer Gutierrez does not dispute—that he does not come within the TCA's definition of a "law enforcement officer" as that term is defined in Section 41-4-3(D).  The district court found that Officer Gutierrez was neither a full-time nor part-time salaried officer employed by the County.  The court further found that Officer Gutierrez was hired, trained, supervised, and subject to discipline by the Pueblo.  In addition, Officer Gutierrez does not challenge the district court's finding that the Pueblo is a sovereign Indian tribe that is not a "governmental entity" as defined by the TCA.  The district court therefore concluded that Officer Gutierrez was not a "law enforcement officer" within the plain language of the definition in the TCA.  Accordingly, the TCA's employee defense and indemnification provisions were not available to him on this basis.  Based on the undisputed facts, we affirm the district court's ruling in this regard.

**Officer Gutierrez Is Not a "Public Employee" Under Section 41-4-3F(3)**

**{17}**    As we have discussed above, Officer Gutierrez freely admits that he does not meet Section 41-4-3(D)'s definition of "law enforcement officer," yet he seeks the benefit of a defense and/or indemnification by contending that he instead fits within another definition of a public employee under the TCA.  In particular, he argues that Section 41-4-3(F)(3) is applicable to any person that has "been authorized to exercise and who [does] exercise state

6

law enforcement powers" regardless of whether he receives compensation. We disagree.

**{18}** Section 41-4-3(F)(3) includes as "public employees" those persons "acting on behalf or in service of a governmental entity in any official capacity, whether with or without compensation[.]" In construing a statute, we seek to achieve the intent of the Legislature. *Grine v. Peabody Natural Res.*, 2006-NMSC-031, ¶ 17, 140 N.M. 30, 139 P.3d 190. "The first guiding principle in statutory construction dictates that we look to the wording of the statute and attempt to apply the plain meaning rule, recognizing that when a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." *United Rentals Nw., Inc. v. Yearout Mech. Inc.*, 2010-NMSC-030, ¶ 9, 148 N.M. 426, 237 P.3d 728 (alteration, internal quotation marks, and citation omitted). We do not read a statute in such a way that "would lead to injustice, absurdity, or contradiction." *Otero v. State*, 1987-NMCA-054, ¶ 11, 105 N.M. 731, 737 P.2d 90.

**{19}** Accepting Officer Gutierrez's interpretation of Section 41-4-3(F)(3) would require us to expand the definition of "public employee" to include law enforcement officers acting within the scope of their police duties but who are not salaried employees of a governmental entity subject to the TCA. *See* § 41-4-3(D). In essence, Officer Gutierrez is asking this Court to create two classes of law enforcement officers within the TCA's definitional section of "public employee"—one that is salaried and works for a governmental entity and one that is not. We decline to do so for several reasons. First, such an interpretation would go beyond the plain language of Section 41-4-3(F)(3). That section makes no mention of providing an alternate or different definition of "public employee" to include those persons exercising state law enforcement powers but who are not salaried employees of a "governmental entity." *See id*. Second, reading the statute to say that a police officer who fails to meet the definition of a "law enforcement officer" under Section 41-4-3(D) can then allege that his same conduct falls within another definition in order to trigger the duty to defend and indemnify is an illogical distinction that makes no sense. *See Ramirez v. IBP Prepared Foods*, 2001-NMCA-036, ¶ 16, 130 N.M. 559, 28 P.3d 1100 (stating that "[i]n interpreting a statute, we look to the statute as a whole [and] . . . attempt to achieve internal consistency" (citation omitted)), *superseded by statute on other grounds as stated in Baca v. Los Lunas Cmty. Programs*, 2011-NMCA-008, 149 N.M. 198, 246 P.3d 1070. In other words, Officer Gutierrez cannot claim that he was acting in his capacity as a law enforcement officer yet disclaim that he must fit within the TCA's definition for conduct involving a law enforcement officer. Finally, if the New Mexico Legislature had intended to protect commissioned tribal officers discharging their duties under state law, it could readily have demonstrated such an intent by including language to that effect. *See Starko, Inc. v. Presbyterian Health Plan, Inc.*, 2012-NMCA-053, ¶ 49, 276 P.3d 252 (noting that if the Legislature wanted to condition the applicability of a payment scheme on the dispensing of the lesser expensive, therapeutic equivalent drug, it would have included those terms within the statute), *cert. granted*, 2012-NMCERT-003, 293 P.3d 184. Indeed, our Legislature recently amended the TCA to include "certified part-time salaried police officer[s] employed by a governmental entity" within the definition of "law enforcement officer." Section 41-4-

3(D). Thus, the Legislature could have—but did not—include non-salaried commissioned officers working on behalf or in the service of a governmental entity subject to the TCA.

**{20}** Officer Gutierrez relies on several cases and statutes as support for his contention that he fits within the definition of Section 41-4-3(F)(3). However, none of these cases or statutes have any bearing on the issue on appeal. For example, he cites to *Celaya v. Hall*, 2004-NMSC-005, 135 N.M. 115, 85 P.3d 239, for the proposition that he, like the volunteer chaplain in that case, is an uncompensated person working "on behalf of or in service of a governmental entity." However, the issue in *Celaya* was not whether the police department's volunteer chaplain came within the definition of "law enforcement officer" under Section 41-4-3(F)(3). Instead, that case dealt with whether the chaplain, who had been given a vehicle by the Bernalillo County Sheriff's Department to drive to and from official functions, could be acting within the scope of his duties if he was driving to or from an official function when he ran over a teenager's foot in a Wal-Mart parking lot. *Celaya*, 2004-NMSC-005, ¶¶ 1-3. Furthermore, in *Celaya*, the tort for which immunity was waived by the TCA came under the exception of negligent operation of a motor vehicle. *See* § 41-4-5. In contrast, here, the only section of the TCA that waives immunity for the claims asserted against Officer Gutierrez is the law enforcement provision of Section 41-4-12, and he identifies no other exception. Consequently, *Celaya* has no bearing on this case.

**{21}** Officer Gutierrez also cites to 28 U.S.C. § 2680(h) (2006) of the Federal Tort Claims Act (FTCA) to support his argument that he is a "public employee." We fail to see the relevance of the FTCA here when the statutory language defining a "public employee" under the various provisions of the TCA is clear and unambiguous. Further, the many federal cases cited by Officer Gutierrez are also not pertinent. The crux of those cases is not whether a tribal officer enforcing state law pursuant to a commission is a "law enforcement officer" entitled to a defense and/or indemnification under the TCA, but whether he may become a "state actor" for purposes of 42 U.S.C. § 1983. *See, e.g.*, *Romero v. Peterson*, No. CIV-89-128-JC, 1993 WL 375746, at *1-3 (10th Cir. Sept. 27,1993); *Romero v. Peterson*, 930 F.2d 1502, 1503-04 (10th Cir. 1991); *Hebert v. United States*, 438 F.3d 483, 486-87 (5th Cir. 2006); *Ouart v. Fleming*, No. CIV-08-1040-D, 2010 WL 1257827, at *3 (W.D. Okla. Mar. 26, 2010).

**{22}** There is no dispute that once commissioned as a sheriff's deputy, Officer Gutierrez was authorized to discharge all the law enforcement powers of a Santa Fe County sheriff, including with respect to the Motor Vehicle Code. We conclude however, that in this case, such a commission did not make Officer Gutierrez a "public employee" of the County but merely conferred upon him jurisdiction to act lawfully when enforcing state and local laws. Accordingly, the County has no duty to defend Officer Gutierrez in this lawsuit or indemnify him for tortious acts committed under color of his commission. We affirm the district court's decision.

**CONCLUSION**

**{23}** We affirm the decision of the district court.

**{24}**   **IT IS SO ORDERED.**

                _____

                **LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Chief Judge**

_____

**CYNTHIA A. FRY, Judge**

**Topic Index for *Loya v. Gutierrez*, No. 32,405**

**APPEAL AND ERROR**
Standard of Review

**CIVIL RIGHTS**
Section 1983 Actions

**CONSTITUTIONAL LAW**
Excessive Force

**CRIMINAL LAW**
Reckless Driving

**CRIMINAL PROCEDURE**
Cross-commissioned Officer
Peace Officer

**GOVERNMENT**
Officers
Public Employees

**INDIAN LAW**
Indian Lands
Tribal and State Authority and Jurisdiction

**TORTS**
Public Employee Torts
Tort Claims Act