FILED
United States Court of Appeals
Tenth Circuit

January 31, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PAUL KEITH REYES,

      Plaintiff - Appellant,

v.

STATE OF NEW MEXICO; VICTOR
MANUEL OLVERA, Badge No. 743;
P.O. RICO, Badge No. 814; SHAWN
MCWHETHEY MEMORIAL SUB-
STATION,

      Defendants - Appellees.

No. 10-2142

(D. New Mexico)

(D.C. No. 1:10-CV-00343-JCH-RLP)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

After examining appellant's brief and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

    [*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Proceeding *pro se*, Paul Keith Reyes appeals the district court's dismissal of the civil rights complaint he brought pursuant to 42 U.S.C. § 1983.[1]  Reyes alleged he was deprived of his constitutional right to due process when Defendants, two Albuquerque police officers, towed a vehicle from his parent's home.  Reyes sought compensatory damages of $10 million for this alleged constitutional violation.

The district court concluded Reyes did not have standing to raise the due process claim because he failed to allege any facts showing he suffered an "invasion of a legally protected interest" as a result of Defendants' actions. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  By his own admission, he does not have an ownership interest in the vehicle or the home from which it was towed.  Accordingly, the court dismissed Reyes's complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  The court also informed Reyes of its intention to impose filing restrictions on him.  In response, Reyes requested that the district judge disqualify herself because she had previously ruled in other cases involving him and he "suspect[ed]" she was biased in her decision-making.

---

[1]Although Reyes's pleadings also reference *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), he has not asserted any claims against any federal actors. *See Romero v. Peterson*, 930 F.2d 1502, 1506 (10th Cir. 1991) ("To state a *Bivens* action, plaintiff must allege circumstances sufficient to characterize defendants as federal actors.").

In a separate order, the court refused to disqualify herself and imposed filing restrictions.

The matter before this court involves Reyes's application for a certificate of appealability, his appeal of the district court's order of dismissal, his appeal of the district judge's refusal to disqualify herself, and his request to proceed on appeal *in forma pauperis*.[2]  Because this is a § 1983 action and not a habeas corpus action, Reyes does not need a certificate of appealability to proceed and we **deny** his application for a certificate of appealability as moot.  After careful review of Reyes's appellate brief and the entire appellate record, it is clear the district court properly concluded he lacks standing to pursue the claims raised in his complaint.  It is equally clear that the district court judge did not abuse her discretion in denying Reyes's request that she recuse herself.  *See United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006) (Recusal is "appropriate only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality.").  Reyes's appeal is "without merit in that it lacks an arguable basis in either law or fact."  *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002).  We, thus, **dismiss** the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  We also **deny** Reyes's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) and remind him of his

---

[2]Reyes does not raise any appellate challenge to the imposition of the filing restrictions.

responsibility for the immediate payment of any unpaid balance of the appellate filing fee.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge