FILED
**United States Court of Appeals**
**Tenth Circuit**

**May 14, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL WAYNE EIKENBERRY,

    Plaintiff - Appellant,

v.

SEWARD COUNTY, KANSAS, a
municipal corporation; HUBERT C.
PETERSON, Seward County
Coroner, in his individual and
official capacity; FRED SMALLS,
Seward County Sheriff Deputy, in
his individual capacity; JIMMY
SELLARS, Seward County Sheriff
Deputy, in his individual capacity;
ROB GNAT, Seward County
Captain, in his individual capacity;
GENE WARD, Seward County
Undersheriff, in his individual and
official capacity; R. ROEHR,
Seward County Sheriff Deputy, in
his individual and official capacity;
RYAN MCVEY, Detective, Seward
County Sheriff's Department, in his
individual capacity; JEFF
KEATING, Seward County Sheriff
Deputy (deceased); JASON LARUE,
Senior Special Agent, Kansas
Bureau of Investigation, in his
individual and official capacity;
CLINT HAWKINS, Senior Special
Agent, Kansas Bureau of
Investigation, in his individual and
official capacity; LYNN KOEHN,
Seward County Prosecutor, in his
individual and official capacity;
JOHN DOE,

No. 17-3278
(D.C. No. 5:17-CV-03150-SAC)
(D. Kan.)

Defendants - Appellees.

## ORDER AND JUDGMENT[*]

Before **BACHARACH, MURPHY,** and **MORITZ**, Circuit Judges.

This appeal arises out of searches at Mr. Michael Eikenberry's house and his subsequent conviction for involuntary manslaughter. Following the conviction, Mr. Eikenberry sued under 42 U.S.C. § 1983,[1] claiming

- illegality in the searches of his house,

- excessive force,

- an unauthorized strip search and taking of nude photographs,

- a conspiracy to frame him,

- concealment of exculpatory evidence, and

- creation of false evidence.

Mr. Eikenberry attributed these misdeeds to not only the officers themselves but also

[*] We conclude that oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the record and Mr. Eikenberry's appeal brief.

Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

[1] Mr. Eikenberry also asserted state-law claims, but his appeal brief did not address these claims.

- their supervisors (based on inadequate training and supervision) and

- Seward County (based on policies governing the execution of search warrants).

The district court summarily dismissed the complaint for failure to state a valid claim, concluding that any potential theories of liability were either premature or untimely.

Mr. Eikenberry challenges the dismissal, arguing on appeal that

- the action was neither premature nor untimely and

- the district court committed procedural error.

We reject these challenges and affirm the dismissal.

## I.    Standard of Review

In considering Mr. Eikenberry's challenges, we engage in de novo review. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In conducting this review, we "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

## II.    Prematurity: Claims for Creation of False Evidence, Concealment of Exculpatory Evidence, and Conspiracy to Frame Mr. Eikenberry

Mr. Eikenberry contends that the district court erred in characterizing some of the claims as premature. We reject this contention for the claims involving creation of false evidence, concealment of exculpatory evidence, and conspiracy to frame Mr. Eikenberry.

3

In addressing prematurity, the district court applied *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a § 1983 claim is not ordinarily cognizable if a favorable judgment would necessarily imply the invalidity of the plaintiff's conviction unless the conviction had been invalidated elsewhere. 512 U.S. at 486-87 & n.6. Mr. Eikenberry does not assert that his conviction has been invalidated. Therefore, his § 1983 claims would be subject to dismissal if a judgment in his favor would imply the invalidity of his conviction for involuntary manslaughter. In our view, his conviction would necessarily be invalid if Mr. Eikenberry were to prevail on his causes of action for the creation of false evidence, concealment of exculpatory evidence, or conspiracy to frame Mr. Eikenberry.

He observes that the claims would be premature only if they related to the validity of his conviction. Based on this observation, he argues that *Heck* does not apply because his conviction would not have been affected by the evidence that was concealed or fabricated. According to Mr. Eikenberry, the conviction was based solely on the fact that he and the victim had been present at the same location. This argument fails as a matter of law.

Mr. Eikenberry was convicted after a trial, and we cannot assume that the verdict was unaffected by the evidence introduced at trial. If law-enforcement officers had created false evidence, concealed exculpatory

4

evidence, or conspired to frame Mr. Eikenberry, the conviction for involuntary manslaughter would necessarily have been invalid. *See Heck v. Humphrey*, 512 U.S. 477, 478-79, 486-90 (1994) (holding that claims involving destruction of exculpatory evidence were premature because they implied the invalidity of a conviction for voluntary manslaughter); *see also Okoro v. Callaghan*, 324 F.3d 488, 489-90 (7th Cir. 2003) (applying *Heck* to a claim that the plaintiff had been framed). Therefore, a judgment for Mr. Eikenberry on these claims would necessarily imply that his conviction was invalid. Under *Heck*, this implication required the district court to dismiss the claims for creating false evidence, concealing exculpatory evidence, and conspiring to frame Mr. Eikenberry. The court did not err in dismissing these claims.

### III. Timeliness: Claims for Excessive Force and Illegality in Conducting the House Searches, the Strip Search, and the Photography of Mr. Eikenberry's Nude Body

The district court also acted correctly in dismissing the claims for excessive force, illegality of the house searches,[2] illegality of the strip search, and taking of nude photographs. In dismissing these claims, the court relied on the statute of limitations. Mr. Eikenberry presents two arguments:

1. The district court applied the wrong statute of limitations.

---

[2] It is unclear whether Mr. Eikenberry also meant to challenge the searches based on the introduction of evidence at his criminal trial. Any such challenge would have been premature under *Heck*. *See* Part II, above.

5

2.    The claims accrued less than two years before initiation of the suit.

We reject both arguments.

## A.    The Applicable Statute of Limitations

First, Mr. Eikenberry argues that the district court applied the wrong statute of limitations. We disagree.

In a claim under § 1983, we apply the period of limitations from the state's personal-injury statute. *Mondragón v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). Kansas has a two-year period of limitations for personal-injury claims. Kan. Stat. Ann. § 60-513(a)(4). Thus, the two-year limitations period governed. *See Johnson v. Johnson Cty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) ("[T]he appropriate statute of limitations for § 1983 actions arising in Kansas is two years, under Kan. Stat. Ann. § 60-513(a)(4).").

Mr. Eikenberry disagrees, urging application of Kansas's ten-year statute of repose. The ten-year period is based on a Kansas law stating that a claim ordinarily accrues when

- the act giving rise to the claim first causes substantial injury or

- the fact of injury becomes reasonably ascertainable to the injured party.

6

Kan. Stat. Ann. § 60-513(b). But the law sets an outer cap of ten years from the date of the underlying act. *Id.* Mr. Eikenberry insists that this law creates a ten-year period of limitations for his claims. We disagree.

The outer cap of ten years applies only when the fact of an injury is not reasonably ascertainable until after a substantial injury has been inflicted. *Kinell v. N.W. Dible Co.*, 731 P.2d 245, 248 (Kan. 1987). When triggered, the outer cap of ten years serves to *limit*—not *extend*—the time period for the plaintiff to sue. *Gilger v. Lee Constr., Inc.*, 820 P.2d 390, 397 (Kan. 1991). Thus, Kansas's ten-year statute of repose does not extend the two-year limitations period for Mr. Eikenberry to sue.

## B. The Accrual Date

The alleged conduct (excessive force, house searches, strip search, and taking of nude photographs) took place in 2013, and Mr. Eikenberry did not sue until August 2017. But he argues that his claims did not accrue until either June 2016 or May-June 2017, when he obtained certain affidavits from some of the police officers, allegedly alerting him to the defendants' fraud and the full extent of his injuries.

Determining the accrual date for a § 1983 claim is a question of federal law. *Mondragón v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). The claim accrues when the plaintiff knows, or should know, that his or her rights have been violated. *Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006). And "'[c]laims arising out of police actions toward a

7

criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur.'" *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 558 (10th Cir. 1999) (quoting *Johnson v. Johnson Cty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991)). Thus, Mr. Eikenberry's claims (excessive force, illegal house searches, improper strip search, and taking of nude photographs) presumptively accrued when the actions took place, which was more than two years before Mr. Eikenberry sued.

But Mr. Eikenberry insists that his claims did not accrue until he obtained the affidavits. These affidavits recounted the details of the searches, but Mr. Eikenberry does not explain the relevance of the affidavits. To the extent that Mr. Eikenberry is arguing that the affidavits support his underlying claims, the argument would fail because he does not explain why he could not have known of his injuries until years after the searches, why he could not have obtained the affidavits earlier, or even how the affidavits provided him with any new information.[3] Therefore, the district court correctly concluded that Mr. Eikenberry has not justified postponement of the accrual date for the claims of excessive force, illegal house searches, improper strip search, and taking of nude photographs.

---

[3] To the extent that he is instead asserting that the affidavits support his claims involving the creation of false evidence, concealment of exculpatory evidence, or conspiracy to frame Mr. Eikenberry, these assertions would be premature. *See* Part II, above. Therefore, accrual under the statute of limitations is irrelevant to these claims.

Because Mr. Eikenberry filed the complaint more than two years after the alleged wrongdoing, these claims were untimely.

## IV.   Procedural Requirements

Finally, Mr. Eikenberry urges two procedural errors in district court.

The first alleged procedural error is that the district court should have notified Mr. Eikenberry of the deficiencies in his complaint and allowed him to amend. The court notified Mr. Eikenberry of the deficiencies in an order to show cause, but the court did not sua sponte tell him that he could amend his complaint. Even if this omission had constituted error, the error would have been harmless in light of the futility of amendment. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999) (stating that dismissal of a pro se complaint for failure to state a claim is proper if "it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").[4]

As discussed, the complaint lacked factual allegations that would overcome the hurdles of prematurity and timeliness. Mr. Eikenberry has not offered any additional information—either in the district court or on appeal—that would cure these defects. Nor can we conceive of any. Indeed,

---

[4]     The district court did not address whether amendment would have been futile. But we may affirm the district court's ruling on any ground supported by the record. *Stillman v. Teachers Ins. & Annuity Ass'n Coll. Ret. Equities Fund*, 343 F.3d 1311, 1321 (10th Cir. 2003).

9

even now Mr. Eikenberry does not say how he would amend the complaint to cure the pleading defects. *See Switzer v. Coan*, 261 F.3d 985, 989-90 (10th Cir. 2001). It would therefore be futile to give Mr. Eikenberry an opportunity to amend the complaint, and any error in the district court's failure to sua sponte provide such an opportunity would have been harmless.

Mr. Eikenberry also argues that the district court needed to request a response from the defendants before dismissing the complaint. But the district court had a statutory obligation to screen the complaint for failure to state a valid claim. *See* 28 U.S.C. §§ 1915(e)(2) (stating that the district court must dismiss a case brought *in forma pauperis* "at any time" if the action fails to state a valid claim), 1915A(a)-(b)(1) (setting forth a similar requirement in prisoner suits against a governmental entity or employee). In light of this statutory obligation, we reject Mr. Eikenberry's second argument.

* * *

We draw four conclusions:

1.   The district court did not err in dismissing the claims for creation of false evidence, concealment of exculpatory evidence, and conspiracy to frame Mr. Eikenberry. These claims were premature.

2.   The district court did not err in dismissing the claims for excessive force, illegal house searches, unauthorized strip search, and taking of nude photographs. These claims were untimely.

10

3.  The district court did not commit reversible error by failing to sua sponte offer an opportunity to amend the complaint.

4.  The district court did not err in dismissing the complaint without requesting a response from the defendants.

Accordingly, we affirm.

**V.  Motions for a Certificate of Appealability and to Proceed *In Forma Pauperis***

Mr. Eikenberry made two additional sets of motions.

First, he filed two motions for a certificate of appealability. But a certificate of appealability is not required for an action brought under § 1983; therefore, we deny these motions as moot. *Reyes v. New Mexico*, 415 F. App'x 856, 857 (10th Cir. 2011) (unpublished).

Second, Mr. Eikenberry filed a motion for leave to proceed *in forma pauperis*. We grant Mr. Eikenberry's motion. But we remind Mr. Eikenberry of his obligation to continue making partial payments until the entire filing fee has been paid in full.

Entered for the Court


Robert E. Bacharach
Circuit Judge

11